```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------X
SOFIA SAENZ,                              :      07 Civ. 10534 (WCC)

                    Plaintiff,            :         **ECF CASE**

         - against -                      :         **OPINION**
                                                  **AND ORDER**
EDWARD LUCAS, individually, VINCENT       :
MUSSOLINO, individually, RICHARD LIGHT,   :
individually, MARK DiGIACOMO,             :
individually, POLICE OFFICER JANE DOE,    :
individually, and the TOWN/VILLAGE OF     :
HARRISON, New York,                       :
                                          :
                    Defendants.           :
------------------------X
```

**A P P E A R A N C E S :**

                        LOVETT & GOULD, LLP
                        **Attorneys for Plaintiffs**
                        222 Bloomingdale Road
                        White Plains, New York 10605

JONATHAN LOVETT, ESQ.

       Of Counsel

                        FRIEDMAN, HARFENIST, LANGER
                          & KRAUT, LLP
                        **Attorneys for Defendants**
                        2975 Westchester Avenue, Suite 415
                        Purchase, New York 10577

NEIL TORCZYNER, ESQ.

       Of Counsel

**Copies E-Mailed to Counsel of Record**

**Conner, Sr. D.J.:**

Plaintiff, Sofia Saenz, brings this action under 42 U.S.C. § 1983 against defendants Edward Lucas ("Lucas"), Vincent Mussolino ("Mussolino"), Richard Light ("Light"), Mark DiGiacomo ("DiGiacomo"), Police Officer Jane Doe ("Doe") and the Town/Village of Harrison, New York (the "Town"), alleging that defendants violated her rights under the Fourth Amendment of the United States Constitution. Defendants Lucas, DiGiacomo and the Town moved to dismiss the claims against them pursuant to FED. R. CIV. P. 12(b)(6). In an Opinion and Order filed July 9, 2008 (the "Opinion"), we denied defendants' motion to dismiss. Defendants Lucas and DiGiacomo (hereinafter "defendants") move for reconsideration of that portion of the Opinion related to the claims against them pursuant to FED. R. CIV. P. 59(e) and S.D.N.Y. LOCAL CIV. R. 6.3. For the following reasons, defendants' motion is denied.

## BACKGROUND

The facts of this case are laid out at length in our Opinion, familiarity with which is presumed. We briefly summarize the facts relevant to this motion, as alleged in the Amended Complaint.

On August 20, 2007 plaintiff witnessed an incident between her then boyfriend, Joshua D. Clark ("Clark"), and her former boyfriend, Ralph Tancredi ("Tancredi"), during which Clark threatened to strike Tancredi with a baseball bat. (Am. Complt. ¶ 8.) Plaintiff was transported to Police Headquarters from the scene and officers Mussolino and Doe detained her in a room for approximately three hours in an attempt to coerce her to bear witness against Tancredi. (*Id*. ¶ 10.) Plaintiff alleges defendants did this to retaliate against Tancredi for filing civil rights actions against

1

the Town. (*Id.*)

Assistant District Attorney Barbara Eggenhauser ("Eggenhauser") directed plaintiff to report to the District Attorney's Office twice regarding this event. (*Id.* ¶¶ 13-16.) The second time Eggenhauser summoned plaintiff to her office, acting in concert with Officer Lucas and Detective Light, she told plaintiff that plaintiff had been "abused" by Tancredi and questioned her about alleged cocaine use by Tancredi. (*Id.* ¶ 16.) Light falsely informed plaintiff that Tancredi had referred to her as a "coke whore," and Lucas told her that Tancredi had stolen money from the Police Benevolent Association. (*Id.* ¶¶ 17-18.) Eggenhauser, Light and Lucas then threatened to seek to have plaintiff deported if she did not cooperate with them by testifying against Tancredi (plaintiff is of Peruvian national origin.) (*Id.* ¶¶ 3, 19.)

Plaintiff was brought to Tancredi's court appearance and subsequently Light, on the pretext that he would drive her to her residence, drove her to Police Headquarters, placed her in a room and interrogated her about Tancredi. (*Id.* ¶ 20.) Plaintiff protested her confinement, stating that she wanted to leave and did not "want to be part of this." (*Id.*) Light would not permit her to leave. (*Id.*) Officers Lucas and DiGiacomo joined Light in the room with plaintiff and further interrogated her, suggesting that Tancredi was involved in illegal gambling operations. (*Id.* ¶ 21.) Plaintiff again protested that she wanted to go home, and in response Lucas told her "go with the order of protection – you're in with us." (*Id.*)

Plaintiff filed this action on February 12, 2008 claiming defendants violated her rights under the Fourth Amendment because she did not consent to her confinements at Police Headquarters and in Eggenhauser's office, she was aware of the confinements, there was no probable cause or arguable probable cause to detain her and the detentions were not otherwise privileged or authorized.

Defendants Lucas and DiGiacomo moved to dismiss the claim against them because there was no indication in the Amended Complaint that they arrested or confined plaintiff.

**DISCUSSION**

I. **Standard of Review**

A motion for reconsideration or re-argument may be granted only if the court has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Greenwald v. Orb Commc'ns & Mktg., Inc.*, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)); *see also* S.D.N.Y. LOCAL CIV. R. 6.3. Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York. *See Ades v. Deloitte & Touche*, 843 F. Supp. 888, 892 (S.D.N.Y. 1994). Local Rule 6.3 should "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Brown v. Barnhart*, 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) ("Accordingly, the moving party may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks and citation omitted). "Whether to

grant or deny a motion for reconsideration or reargument is in the sound discretion of a district court judge." *Greenwald*, 2003 WL 660844, at *1 (internal quotation marks and citation omitted).

II. **Defendants' Arguments for Reconsideration**

Defendants argue that the Court should grant reargument because our Opinion "expands the protections of the Fourth Amendment by allowing claims to be pursued against individuals who allegedly caused seizures that were less than an arrest, despite the fact that the [p]laintiff had already been 'seized' at the time." (Defs. Mem. Supp. Mot. Recons. at 7.) We disagree with defendants' interpretation of our earlier Opinion for we did not expand the Fourth Amendment protections in such a manner.

Defendants argue that, according to the Amended Complaint, plaintiff already felt that she was not free to leave before Lucas and DiGiacomo joined her, and therefore once she had been seized "there can be no inquiry as to whether subsequent interaction with other police officers may constitute lesser levels of seizure because the person has already been arrested." (*Id*. at 10.) However, we did not hold in our earlier Opinion that Lucas and DiGiacomo's subsequent interaction with plaintiff constituted a "lesser seizure." Rather, we determined that the point at which plaintiff was "seized" was a question of fact that could not be determined on a motion to dismiss.

It is not clear that plaintiff was "seized" prior to defendants' involvement. The point at which a person is seized does not turn on whether plaintiff thought she was not permitted to leave; but whether a reasonable person in the same circumstances would have felt she was not free to terminate the encounter. There remain questions of fact about Light's conduct at the time, the surrounding circumstances and Lucas and DiGiacomo's presence. For while it may be the case that a reasonable

4

person would have felt free to leave when being questioned by one officer, the presence of three officers certainly changes the circumstances.[1]

Although defendants argue that "there are myriad cases wherein courts dismissed false arrest claims against officers who interacted with plaintiffs after they were already arrested," we have already considered and distinguished these cases in our earlier Opinion. (Defs. Mem. Supp. Mot. Recons. at 11.) To the extent that defendants make arguments which we already addressed in our Opinion, that is not an appropriate ground for reconsideration. *See Briller v. Barnhart*, 2006 WL 118367, at *3 (S.D.N.Y. Jan. 16, 2006).

However, defendants offer an additional argument which we will address. Defendants argue that the logic applied in these cases is equally applicable in the case at bar. (Defs. Mem. Supp. Mot. Recons. at 11.) Specifically, defendants rely on the logic in *Merrit v. City of New York*, 2001 WL 1097866 (S.D.N.Y. Sept. 19, 2001). In *Merrit*, the court observed that "[o]nce an arrest has occurred, its definition does not depend upon what follows, such as station house booking." 2001 WL 1097866, at *2 (internal quotation marks and citations omitted). The court held that the plaintiff could not assert a false arrest claim against an officer who arrived well after the initial arrest. *Id*. Because the definition of "seizure" depends on the totality of the circumstances, it is not always a clearly defined event. The logic in *Merrit*, that once an arrest occurs its definition does not depend upon what follows, may also be true once a seizure occurs. Because a seizure is not a clearly defined event, we could not conclude on the motion to dismiss that Lucas and DiGiacomo's actions were

---

[1] As explained in our earlier Opinion, courts have set forth a non-exclusive list of factors suggesting that a seizure has occurred, including "the threatening presence of police officers . . . and a request by an officer to accompany him or her to the police station or a police room." *United States v. Rogers*, 2000 WL 101235, at *10 (S.D.N.Y. Jan. 27, 2000) (citing *Gardiner v. Incorporated Vill. of Endicott*, 50 F.3d 151, 155 (2d Cir. 1995)).

subsequent to a "seizure" so that they were not liable for any constitutional violations.

Defendants also argue that "an improper interrogation does not constitute an independent violation of a person's constitutional rights." (Defs. Mem. Supp. Mot. Recons. at 12-13.) Again, whether defendants' actions constituted an improper interrogation or an unlawful seizure are questions of fact which must await development of the evidence. Defendants cite *Hickey v. City of New York*, 2002 WL 1974058 (S.D.N.Y. Aug. 26, 2002).[2] In *Hickey*, the plaintiff asserted a false arrest claim against two assistant district attorneys. Defendants quote the following language from *Hickey* to support their argument: "'If all that can be shown regarding [defendants] is that they came to the station house after [plaintiff] had already been detained and asked her questions, that may not be enough to establish, as charged in this complaint, that they actually "held [her] against her will [and] detained her."'" (Defs. Mem. Supp. Mot. Recons. at 13 (quoting *Hickey*, 2002 WL 1974058, at *3).) However, the court goes on after that to state that the "conclusion must await development of the evidence. The complaint asserts that the prosecutors participated in an illegal detention, and it cannot be said that no facts can be proven consistent with the allegations of the complaint that could establish that claim." *Hickey*, 2002 WL 1974058, at *3. The same is true in this instance.

Finally, defendants argue that the events that took place in Eggenhauser's office do not give rise to a cause of action under 42 U.S.C. § 1983 because plaintiff does not allege that she felt she was not free to leave and there is no allegation of circumstances that could lead a reasonable person to believe that she was not free to leave. (Defs. Mem. Supp. Mot. Recons. at 13-14.) Because

---

[2] Defendants also cite a Third Circuit case which is not controlling authority and a Second Circuit case which is not applicable because it addressed violations of the Fifth Amendment. (*See* Defs. Mem. Supp. Mot. Recons. at 12-13 (citing *Yarris v. County of Delaware,* 465 F.3d 129 (3d Cir. 2006); *Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007)).)

6

defendants did not make this argument on their motion to dismiss and we did not address it in our earlier Opinion, it is not a proper basis for reconsideration.[3] *See In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 1705285, at *3 (S.D.N.Y. July 22, 2005) ("Reconsideration is not open season for new argument.") (citing *Koehler v. Bank of Bermuda, Ltd.*, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005)). We also note that because plaintiff alleged Lucas's involvement in the incident at the police station and we determined that plaintiff stated a claim against Lucas on the basis of that incident, Lucas would not be dismissed from this action even if we were to conclude that plaintiff failed to allege that the second meeting in Eggenhauser's office constituted a seizure.

As defendants have proffered no legitimate reason for this Court to reconsider its July 9, 2008 Opinion, defendants' motion is denied.

---

[3] Defendants state that they argued in the original Motion that the incident in Eggenhauser's office did not constitute a seizure, citing several pages of their Memorandum of Law in Support of Defendants' Motion to Dismiss. (Defs. Reply Mem. Supp. Mot. Recons. at 7, n.4.) However, in that Memorandum, defendants argued that "there is no indication from the language of the complaint that either DiGiacomo or Lucas arrested or confined Saenz. As pleaded in ¶ 21 of the FAC, DiGiacomo and Lucas would have entered the room well after any alleged arrest occurred." (Torczyner Decl., Ex. C at 8.) The Memorandum concludes that, "[s]ince there are no allegations that DiGiacomo or Lucas confined Saenz or even that they refused to allow Saenz to leave the police station, the complaint cannot make out a cause of action against them . . . ." (*Id*. at 9.) Defendants did not argue that the incident in Eggenhauser's office was not a seizure.

## CONCLUSION

For all of the foregoing reasons, defendants Edward Lucas and Mark DiGiacomo's motion for reconsideration is denied.

SO ORDERED.

Dated: White Plains, New York
       September 12, 2008

                                                                       _____
                                                                       Sr. United States District Judge